# Third District Court of Appeal
## State of Florida

Opinion filed July 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-1199
Lower Tribunal No. F10-29468
_____

## Carlos Sanchez,
Petitioner,

vs.

## State of Florida,
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos Sanchez, in proper person.

James Uthmeier, Attorney General, for respondent.

Before GORDO, BOKOR and GOODEN, JJ.

BOKOR, J.

Carlos Sanchez seeks habeas relief based upon the claimed
ineffective assistance of appellate counsel for failure to raise a facial

constitutional challenge to section 775.084(3)–(4)(a), Florida Statutes. These statutory provisions provide for a sentencing enhancement for a habitual felony offender where the court finds by a preponderance of the evidence that the defendant has been convicted of "any combination of two or more felonies in this state or other qualified offenses" and "[t]he felony for which the defendant is to be sentenced was committed . . . [w]ithin 5 years of the date of conviction of the defendant's last prior felony or other qualified offense." § 775.084(1)(a)1.–(1)(a)2.b., Fla. Stat. Sanchez argues that Erlinger v. United States, 602 U.S. 821 (2024), requires that a jury, not a judge, sit as the factfinder to determine the existence of the prior felony offenses, and that was not done here.

Sanchez concedes that the Florida Supreme Court recently foreclosed the possibility of a Rule 3.800(a) motion to correct an illegal sentence in similar circumstances. See Maye v. State, 51 Fla. L. Weekly S116 (Fla. May 14, 2026). He claims, however, that his appellate counsel's failure to file a Rule 3.800(b) motion on these grounds constituted ineffective assistance. We need not address the issue of whether counsel could conceivably render ineffective assistance for failing to file such a motion in 2010, after Apprendi v. New Jersey, 530 U.S. 466 (2000), but well before Erlinger. This is so because there can be no ineffective assistance where the result wouldn't

2

have changed if counsel had filed the motion. See Downs v. Moore, 801 So. 2d 906, 910 (Fla. 2001) (denying petition and explaining, in pertinent part, that "appellate counsel cannot be deemed ineffective for failing to raise non-meritorious claims on appeal").

The record establishes that at sentencing, the State introduced evidence of Sanchez's prior felony convictions which the trial court found, by a preponderance of the evidence, established that he qualified as habitual felony offender. In examining the record before the trial court, any error in failing to submit the habitual felony offender factors to a jury amounts to, at most, harmless error beyond a reasonable doubt. See Alvarado-Balmaceda v. State, No. 3D24-0977, 2026 WL 1579228, at *2 (Fla. 3d DCA 2026) (citing Moore v. State, 424 So. 3d 586, 586–87 (Fla. 5th DCA 2025)). And because Sanchez cannot show that the result would be different if counsel had filed a timely Rule 3.800(b) motion, he cannot show the prejudice required to ground an ineffective assistance of appellate counsel claim.

Petition denied.